**FILED**
**Jul 19, 2018**
**08:50 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **Philip Welsh,** | ) **Docket No. 2017-06-2158** |
| **Employee,** | ) |
| **v.** | ) **State File No. 91361-2017** |
| **Kevin Bowling, d/b/a Tri-Star Home** | ) |
| **Solutions, LLC,** | ) **Judge Kenneth M. Switzer** |
| **Employer.** | ) |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED RELIEF

---

This case came before the Court on July 18 on Philip Welsh's Request for Expedited Hearing. The central legal issue is whether Mr. Welsh is likely to prevail at a hearing on the merits in proving that his injury arose primarily out of and in the course and scope of his employment with Kevin Bowling, d/b/a Tri-Star Home Solutions, LLC. For the reasons below, the Court holds Mr. Welsh established he is likely to prevail and is entitled to the requested medical and temporary disability benefits.

### History of Claim

Mr. Bowling hired Mr. Welsh as a fulltime laborer for his home construction business for $25 per hour. On October 20, 2017, Mr. Welsh fell approximately fifteen feet from a roof to the concrete below, injuring his wrist, head and spine. Mr. Bowling took him to St. Thomas Rutherford, which transferred him to Vanderbilt University Medical Center. He underwent surgery to repair a wrist fracture the following day. His surgeon restricted him from work as of October 21. After he recovered from surgery, Mr. Welsh participated in physical therapy for the spinal fracture. He remained off work until January 24, 2018, when Dr. Jaron Sullivan returned him to work without restrictions. He later returned to work with a different employer.

Communications between Mr. Welsh and Mr. Bowling deteriorated after the accident, as Mr. Welsh realized that his employer had no insurance on the date of injury. He filed a Petition for Benefit Determination on November 27. Afterward, the Bureau's

1

Compliance Unit investigated the injury and Mr. Bowling's insurance coverage status on the date of injury. The investigator wrote in a report that Mr. Bowling had workers' compensation in the past and at the time of his report, but "his insurance had lapsed, so he had no coverage when the accident happened." Travelers, Mr. Bowling's carrier, filed a Notice of Denial, which confirmed, "This claim is denied for no policy in effect for accident."

The investigator further stated that Mr. Welsh suffered an injury arising primarily out of and in the course and scope of his employment after July 1, 2015; he was a Tennessee resident on the date of injury; and he provided notice of his injury and Mr. Bowling's lack of insurance to the Bureau within sixty days of the injury. Mr. Bowling did not return the investigator's call, nor did he file any documents to rebut these findings.

Ultimately, both St. Thomas and Vanderbilt did not charge Mr. Welsh for his treatment. However, Mr. Welsh introduced bills and receipts totaling $537.99 for out-of-pocket expenses for his treatment. Mr. Welsh also tracked the miles he drove for his various treatments. He made five roundtrips from his home where the journeys were fifteen miles or more for a total of 193 miles. Mr. Welsh asked the Court to order payment of his medical bills and mileage, as well as temporary total disability benefits from the time of injury until January 24, 2018.[1] Mr. Bowling did not attend the hearing, although the Bureau sent him a notice by certified mail, which was delivered.[2]

### Findings of Fact and Conclusions of Law

Mr. Welsh need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must present sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

---

[1] Mr. Welsh also argued that he returned to work at a lower rate of pay because he suffered permanent impairment from the work injury. Therefore, he contended Mr. Bowling should compensate him for his diminished earning ability. This argument supports his entitlement to permanent partial disability benefits. However, Mr. Welsh introduced no evidence that his physician assigned an impairment rating, nor is his entitlement to permanent partial disability benefits checked as an issue on the Dispute Certification Notice. Therefore, the request is not properly before this Court at this time. *See* Tenn. Code Ann. §239(b)(1) ("[O]nly issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication.").

[2] Mr. Bowling received an automatically-generated email reminding him of the upcoming expedited hearing sent via TNComp on July 15. He replied to the notice on July 18 at 3:13 a.m. to ask about where the hearing would occur. The Court Clerk responded at 8:38 a.m., providing the Bureau's address and stating that the hearing would begin at 9:00 a.m.

Mr. Welsh must prove he suffered an injury as defined under the Workers' Compensation Law. Specifically, he must show he suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14). If he establishes an injury, then Tennessee Code Annotated section 50-6-204(a)(1)(A) requires "[t]he employer or the employer's agent [to] furnish, free of charge to the employee, such medical . . . treatment . . . made reasonably necessary by accident[.]" In addition, when an injured worker is required to travel to a medical provider located outside a radius of fifteen miles from the insured worker's residence, the employee shall be reimbursed for reasonable travel expenses. *See* Tenn. Code Ann. 50-6-204(a)(3)(I)(6)(A).

Applying these principles, Mr. Welsh testified that he fell approximately fifteen feet to the concrete while working for Mr. Bowling, resulting in severe injuries. The Court finds Mr. Bowling had notice of the hearing but failed to appear. Thus, Mr. Welsh's testimony and documentary evidence are undisputed, and the Court holds Mr. Welsh suffered a specific injury arising primarily out of and in the course and scope of his employment. Mr. Bowling is responsible for past and ongoing medical treatment and must reimburse Mr. Welsh in the amounts of $537.99 for out-of-pocket medical expenses and $90.71 for mileage.[3]

Regarding his request for past temporary total disability benefits, Mr. Welsh must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Here, Mr. Welsh suffered an injury arising primarily out of his employment, and the Court finds Dr. Sullivan totally restricted him from work due to the injury from October 21, 2017, through January 24, 2018, a period of ninety-five days. Therefore, Mr. Welsh established he is entitled to the requested temporary disability benefits. Tennessee Code Annotated section 50-6-207(1)(A) provides, "[for injuries] producing temporary total disability, [an injured employee is entitled to] sixty-six and two-thirds percent (66 2/3%) of the average weekly wages" during the period of disability. Mr. Welsh's uncontradicted testimony was that the parties agreed to a wage of $25 per hour, which at forty hours per week equates to an average weekly wage of $1,000 and a compensation rate of $667. For the ninety-five days lost, the temporary disability totals $9,051.60.

---

[3] 193 miles multiplied by the applicable rate for mileage reimbursement of $.47 cents per mile equates to $90.71. *See* Tenn. Code Ann. § 50-6-204(a)(6)(A) and (B)(providing the mileage reimbursement rate is equal to that rate paid to state employees for travel in a personal vehicle).

*Payment of Benefits*

Mr. Bowling must provide Mr. Welsh with past medical and temporary disability benefits. However, payment might not occur because Mr. Bowling did not have workers' compensation insurance at the time of the accident. Tennessee Code Annotated section 50-6-802(e)(1) provides the Bureau has discretion to pay limited temporary disability and medical benefits to Mr. Welsh via the Uninsured Employers Fund. The Court finds Mr. Welsh established the following pre-requisites for coverage by the Fund:

(1) He worked for an employer who failed to carry workers' compensation insurance;
(2) He suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) He was a Tennessee resident on the date of the injury; and,
(4) He provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4). The Court adopts the investigator's conclusions and holds Mr. Welsh satisfied all the required statutory criteria.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bowling shall reimburse Mr. Welsh for past medical care and mileage in the amounts of $537.99 and $90.71 respectively.

2. Mr. Bowling shall pay Mr. Welsh past temporary total disability benefits totaling $9,051.60.

3. Mr. Welsh is eligible to receive medical benefits from the Uninsured Employers Fund. The clerk shall forward a copy of this order to the Administrator for consideration of whether to provide medical treatment and temporary disability benefits.

4. This case is set for a scheduling hearing on **September 17, 2018**, at **9:15 a.m. Central Time**. The parties must call (615) 532-9552 or (toll-free) (866) 943-0025 to participate. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED July 19, 2018.**

4

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Evidence:
1. Affidavit of Philip Welsh and attachments
2. Affidavit of Phillip Graves and attachments
3. FROI
4. Denial
5. Expedited Request for Investigation Report
6. Compilation Medical Records: St. Thomas, Vanderbilt, Results Physiotherapy
7. Off-work slips
8. Photos of injury
9. Medical bills and spreadsheet for Mr. Welsh's out-of-pocket expenses
10. Mileage spreadsheet
11. Certified mail receipt documenting Mr. Welsh's attempts to serve his Request for Expedited Hearing
12. Certified mail receipt documenting Mr. Welsh's attempts to serve Mr. Graves' affidavit
13. USPS Tracking History; certified mail "being returned to sender"
14. Late-filed letter from Dr. Sullivan, January 24, 2018

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Certified mail receipt: Notice of Expedited Hearing delivered to Mr. Bowling
5. Bowling email response to TNComp hearing reminder

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on July 19, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Philip Welsh, Self-represented employee | X | | X | 117 Maureen Dr. Hendersonville, TN 37075 welshjrp@comcast.net |
| Kevin Bowling, Self-represented employer | X | | X | 731 Lovers Lane Lebanon TN 37087 Kevinbowling1026@gmail.com |
| LaShawn Pender, UEF Courtesy Copy Only | | | X | Lashawn.pender@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**